IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALVIN MCGEE and FLOY MCGEE )
) No. 3-10-0483
v. )
)
HOME DEPOT U.S.A., INC. d/b/a )
The Home Depot; and HUSQVARNA )
CONSUMER OUTDOOR PRODUCTS, )
NA, INC.[1] )

O R D E R

Pursuant to the order entered December 7, 2012 (Docket Entry No. 66), a telephone conference call with counsel for the parties and the Court was held on February 10, 2012, at which time the following matters were addressed:

1. Plaintiffs' counsel advised that he intended to move to dismiss defendant Husqvarna Consumer Outdoor Products, NA, Inc. ("Husqvarna") inasmuch as he is not asserting a claim that the lawn mower was a defective product.

Defendants' counsel agreed to advise plaintiffs' counsel as soon as possible about whether they would agree to a stipulation of dismissal of defendant Husqvarna, obviating the need for the plaintiffs to file a motion to dismiss.

On February 13, 2012, the plaintiff filed a motion to dismiss Husqvarna (Docket Entry No. 68).

The defendants shall have until February 27, 2012, to file a response to the motion.

2. The parties agreed that there was little chance of settlement after having participated in private mediation on February 7, 2012. See Docket Entry No. 67.

3. The parties outlined the remaining discovery, including the depositions of Dr. Law, Dr. Brandeis, and Dr. McMullan to be taken by the plaintiff and the depositions of Dr. Berkompas

---

[1] By order entered August 25, 2010 (Docket Entry No. 24), Husqvarna AB was terminated as a defendant in this case.

and the plaintiff's daughter to be taken by the defendant(s). In addition, the defendants want to schedule an IME of the plaintiff by a neuropsychologist.

4. Plaintiffs' counsel advised that he did not anticipate the need to use any liability experts. Defendants' counsel advised that even if the plaintiff does not use any liability experts and defendant Husqvarna is dismissed, defendant Home Depot might use an accident reconstructionist.

5. The previously imposed deadlines for completion of all fact, medical and expert discovery are extended to May 8, 2012. Any IME shall be conducted in sufficient time so that the defendants shall have served the neuropsychologist's expert disclosures in advance of May 8, 2012.

6. Any discovery motions shall be filed by May 8, 2012. Alternatively, counsel for the parties shall, by May 8, 2012, schedule a telephone conference call with the Court to address any discovery issues or disputes.

7. The October 14, 2011, deadline for filing any dispositive motion is extended to May 29, 2012. Any response shall be filed within 21 days of the filing of the motion or by June 19, 2012, if the motion is filed on May 29, 2012. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by July 3, 2012, if the response is filed on June 19, 2012.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

No party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment.

There shall be no stay of discovery before the May 8, 2012, deadline for completion of fact, medical, and expert discovery even if a dispositive motion is filed prior thereto.

Once the plaintiffs' pending motion to dismiss defendant Husqvarna is resolved, a further conference call will be scheduled to address whether any liability experts will be used, and, if so, to establish deadlines for disclosures of such experts and to address whether an IME has been conducted, when the defendant(s) will serve expert disclosures for the neuropsychologist, and when the remaining depositions are scheduled.

Except as addressed herein, the orders entered October 8, 2010 (Docket Entry Nos. 33-34), as amended by the orders entered May 31, 2011 (Docket Entry No. 47), and July 6, 2011 (Docket Entry No. 49), remain in full force and effect.

The Clerk is directed to forward the file in this case to Chief Judge Campbell for his consideration of the plaintiff's motion for dismissal of defendant Husqvarna (Docket Entry No. 68), and any response to be filed by February 27, 2012.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge